IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CR51 |
| | ) | |
| v. | ) | |
| | ) | |
| COLIN REID, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Filing No. 127).  Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds defendant's motion should be denied.

      On February 20, 2003, a one-count indictment was filed in the United States District Court for the District of Nebraska against Colin Reid ("the defendant"), charging that on or about November 17, 2002, the defendant knowingly and intentionally possessed with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1).  The defendant was arrested on a warrant on February 27, 2003, and initially entered a plea of not guilty.  At the change of plea hearing on December 2, 2003, the defendant plead guilty to Count I of the indictment.  The Court sentenced the defendant to 60 months imprisonment, five years of

supervised release, and a $100 special assessment.  The judgment and committal order was entered on March 8, 2004.

On May 3, 2005, the defendant filed a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.  The defendant claimed that he was a native and citizen of Jamaica and that arresting authorities violated his due process and equal protection rights because they failed to inform him, at the time of his arrest, of his alleged right to consult with Jamaica's consul under the Vienna Convention.  The Court dismissed defendant's petition, on May 31, 2005, concluding that the defendant was precluded from filing a motion under § 2241 because the defendant had not yet sought relief in the sentencing court by means of 28 U.S.C. § 2255 petition.

The defendant filed the instant petition on December 27, 2005, seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, for the same reasons set forth in his § 2241 petition.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 petition must be filed within one year of "the date on which the judgment of conviction becomes final."  See 28 U.S.C. § 2255; *Campa-Fabela v. U.S.*, 339 F.3d 993 (8th Cir. 2003).  When a conviction is not appealed, that conviction becomes final ten days after the entry of judgment.  *See Never Misses A Shot v. U.S.,* 413 F.3d 781, 782

(8th Cir. 2005), *reh'g and reh'g en banc denied* (Sept. 15, 2005) (citing Fed. R. App. P. 4(b)(1)(A), and *Griffith v. Kentucky*, 479 U.S.. 314, n. 6, (1987)).  Because the defendant did not appeal his conviction, his conviction became final on March 18, 2004, ten days after the entry of judgment.  Defendant's § 2255 petition, which was filed on December 7, 2005, and defendant's § 2241 petition, which was filed on May 3, 2005, were both filed more than one year after defendant's conviction became final.  Therefore, his § 2255 motion is untimely and will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court